Priority ‗‗‗‗‗
Send ‗‗‗‗‗
Enter ‗‗‗‗‗
Closed ‗‗‗‗‗
JS-5/JS-6 ‗‗‗‗‗
Scan Only ‗‗‗‗‗

CASE NO.:  CV 10-06977 SJO (JEMx)          DATE:  August 25, 2011

TITLE:     Nelson Sports. Inc. v. Climb X Gear, LLC, et al.

========================================================================
PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

COUNSEL PRESENT FOR PLAINTIFF:                COUNSEL PRESENT FOR DEFENDANT:

Not Present                                   Not Present

========================================================================
PROCEEDINGS (in chambers): ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Docket No. 46]

This matter is before the Court on Defendants Climb X Gear, LLC, Climb X, and Joseph Garland's
(collectively, "Defendants") Motion for Partial Summary Judgment ("Motion"), filed on July
21, 2011.  (Docket No. 46.)  Plaintiff Nelson Sports, Inc., ("Plaintiff") filed an Opposition
("Opposition"), to which Defendants submitted a Reply ("Reply").  The Court found the matter
suitable for disposition without oral argument and vacated the hearing set for August 29, 2011.
*See* Fed. R. Civ. P. 78(b).  For the following reasons, Defendants' Motion is DENIED IN PART
AND GRANTED IN PART.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is in the business of designing, manufacturing, and selling rock climbing gear under the
brand "Mad Rock."  (Compl. ¶¶ 13-19.)  Defendant Joseph Garland is a former independent
contractor of Plaintiff, who was an authorized sales representative for Plaintiff's products.  (*Id.*
¶ 30.)  Plaintiff alleges that upon the termination of the relationship between Plaintiff and
Defendant Garland in 2010, Garland established Defendant Climb X Gear, LLC, and Defendant
Climb X (a corporation) to compete with Plaintiff's products.  (*Id.* ¶¶ 33-39.)  This action centers
on Defendants' alleged unlawful actions, including allegations that Defendants infringed Plaintiff's
copyrights, engaged in unfair competition and false advertising, misappropriated Plaintiff's trade
secrets, and intentionally interfered with Plaintiffs business relationships.  (*See generally* Compl.)

The Complaint sets forth twelve causes of action, the first of which the parties stipulated would be
dismissed without prejudice.  (Docket No. 40.)  The instant Motion seeks summary adjudication
of three of the remaining causes of action (Counts 5, 8, and 9) in their entirety, and summary
adjudication of Plaintiff's claims for statutory damages and attorneys' fees pursuant to Count 7.

///

CASE NO.:  CV 10-06977 SJO (JEMx)          DATE:  August 25, 2011

II.     Discussion

        A.     Legal Standard

Federal Rule of Civil Procedure ("Rule") 56(a) mandates that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and quotations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party does not need to produce any evidence or prove the absence of a genuine issue of material fact.  *See Celotex Corp.*, 477 U.S. at 325.  Rather, the moving party's initial burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Id.*  Once the moving party meets its initial burden, the "party asserting that a fact cannot be or is genuinely disputed must support the assertion."  Fed. R. Civ. P. 56(c)(1).  "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("[O]pponent must do more than simply show that there is some metaphysical doubt as to the material facts.").  Further, "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment [and] [f]actual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  At the summary judgment stage, a court does not make credibility determinations or weigh conflicting evidence.  *See Anderson*, 477 U.S. at 249.  A court is required to draw all inferences in a light most favorable to the nonmoving party.  *Matsushita*, 475 U.S. at 587.

        B.     Count 8 - Misappropriation of Trade Secrets

The California Civil Code defines a "trade secret" as "information . . . that: (1) Derives independent economic value . . . from not being generally known to the public . . .; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.  Cal. Civ. Code § 3426.1(d).  Defendants attack Plaintiff's ability to meet the criterion in subsection (2) by pointing to the following undisputed facts:  (1) Defendant Garland was an independent contractor; (2) Defendant Garland did not sign a non-disclosure agreement with Plaintiff concerning the material that Plaintiff alleges is a trade secret; and (3) the Chinese factory that manufactured Plaintiff's products until 2010 did not sign a non-disclosure agreement with Plaintiff.  (Mot. 4-7.)  Based on these undisputed facts, Defendants claim that Plaintiff cannot satisfy the second

**CASE NO.:**  CV 10-06977 SJO (JEMx)          **DATE:**  August 25, 2011

condition in the Civil Code - that it engaged in reasonable efforts under the circumstances to maintain the secrecy of the information.  (*Id.*)  Since the definition of a trade secret has not been satisfied, Defendants argue, Plaintiff cannot succeed on its claim for trade secret misappropriation and summary adjudication of the claim is proper.  (*Id.*)

Defendants are correct that the three enumerated facts are undisputed; Plaintiff puts forward no evidence to suggest otherwise.  (Opp'n 6-9.)  However, Defendants are incorrect that these three facts, standing alone, mean there is no triable issue of fact as to whether Plaintiff took reasonable efforts to keep its information private.  For Defendants' position to be correct, the presence of a non-disclosure agreement would have to be a *sine qua non* for a trade secret.  On the contrary, there are other ways besides non-disclosure agreements, in which an entity can attempt to safeguard its trade secrets while still sharing them with employees or independent contractors. "[T]he lack of confidentiality agreements is not dispositive on the issue of secrecy. [A trade secret claimant] may have taken other precautions to keep its information secret, such as verbally telling its clients and employees that the information was confidential or limiting access to information on a 'need to know' basis."  *Hilderman v. Enea TekSci, Inc.*, 551 F.Supp.2d 1183, 1201 (S.D. Cal. 2008).  *See also Ingrassia v. Bailey*, 172 Cal. App. 2d 117, 122 (1959) ("Independent of an express contract, equity will enjoin the disclosure of confidential knowledge of trade secrets which a former employee learned in the course of his employment.")

On Reply, Defendants concede that "the absence of a written confidentiality agreement [does not] preclude[] the finding of trade secret protection."  (Reply 2.)  In an attempt to salvage their argument, Defendants try to re-cast and broaden their position.  (*Id.* 2-3.)  The Reply brief argues that Plaintiff has failed to produce evidence of **any** reasonable step taken to ensure the secrecy of its alleged trade secrets.  (*Id.*)[1]  By broadening their argument in this way, Defendants hope to win summary judgment simply because Plaintiff has not brought to the Court's attention evidence of the reasonable steps it took to keep its information secret.  Because this broad argument was not made in Defendants' opening brief, however, Plaintiff was not on notice that evidence of its reasonable efforts needed to be presented at this stage.  Plaintiff believed (justifiably) that Defendants' argument was a simple one-two step: Plaintiff did not have a non-disclosure agreement; therefore, Plaintiff could not have had a trade secret.  Plaintiff conceded the absence

---

[1]  Though Defendants' initial argument and Reply argument are related, they take different forms.  Defendants' argument in their opening brief claimed that Plaintiff failed to take a **specific** action that is necessary for trade secret protection.  Their argument on Reply is that Plaintiff failed to produce evidence of **any** action that would count as "reasonable efforts" under Civil Code section 3426.1.  For this reason, Plaintiff's Opposition focused on the first argument, that the supposedly necessary action is not actually necessary under the law.

CASE NO.:   CV 10-06977 SJO (JEMx)              DATE:  August 25, 2011

of a non-disclosure agreement, so its Opposition was understandably limited to the legal argument that non-disclosure agreements are not necessary pre-requisites to trade secret protection.

Arguments made for the first time in a reply brief are deemed waived. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.")  The only argument the Court will consider is the argument from Defendants' initial brief: that the failure to sign non-disclosure agreements with Defendant Garland and the Chinese factory precludes the existence of a trade secret in any information shared with either Garland or the Chinese factory.  As this is not a proper statement of law (*Hilderman*, 551 F.Supp.2d at 1201), summary adjudication of Count 8 is not proper.

C.      Count 5 (False Advertising) and Count 9 (Unfair Competition)

Defendants seek summary adjudication on Plaintiff's fifth and ninth causes of action for lack of standing.  (Mot. 7-12.)  California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*) and False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq.*) contain standing requirements that a plaintiff must have suffered an injury-in-fact before bringing suit.  "Actions for relief pursuant to this chapter shall be prosecuted . . . by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  The "standing limitations of § 17200 apply equally to § 17500."  *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545 (2011) (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 321-22 (2011)).

Defendants argue that in order to satisfy this standing requirement, Plaintiff must have purchased Defendants' products as a result of Defendants' misconduct.  (Mot. 7.)  If no such purchase was made, there was no injury in fact, and thus Plaintiff does not have standing to sue.  (*Id.*)  Plaintiff alleges that as a result of Defendants' unfair competition and false advertising, it has been harmed not as a consumer, but as a competitor by, among other things, loss of sales.  (Opp'n 12.)  Defendants do not directly attack Plaintiff's argument that it suffered injury-in-fact as a competitor, apparently believing that only consumers can have standing under sections 17200 and 17500.  (Reply 4-5.)

The California Supreme Court has noted that the "purpose [of section 17200] is to protect both consumers **and competitors** by promoting fair competition in commercial markets for goods and services."  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011) (emphasis added).  The *Kwikset* Court held that the requirement that the plaintiff have "lost money or property" means that the plaintiff must have suffered "some form of economic injury" attributable to defendant's conduct.  *Id*. at 323.  An individual plaintiff, however, need not be entitled to restitution to bring a claim under section 17204.  *Id*. at 335-36 (disapproving a line of cases that held that only plaintiffs entitled to restitutionary damages could bring suit under section 17204).  Rather, the test for standing under section 17204 is that the plaintiff must: "(1) establish a loss or deprivation of money or property

**CASE NO.:** CV 10-06977 SJO (JEMx)        **DATE:** August 25, 2011

sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Id.* at 322 (emphasis in original). A competitor who has lost sales, revenue, market share, and asset value as a result of a defendant's unfair competition or false advertising has been sufficiently harmed to have standing under sections 17200 and 17500. *Allergan, Inc. v. Athena Cosmetics, Inc.*, 640 F.3d 1377, 1382 (D.C. Cir. 2011); *see also E & E Co., Ltd. v. Kam Hing Enterprises, Inc.*, No. 09-CV-16418, 2011 WL 1480047, at *1 (9th Cir. Apr. 19, 2011).

Here, Plaintiff has alleged that as a result of Defendants' conduct "Plaintiff has suffered . . . lost sales and profits, injury to the value of its marks and goodwill, its product identity, and control over its goodwill, reputation and ability to move into new markets." (Compl. ¶ 97.) Based on this allegation, Plaintiff has standing under California Business and Professions Code sections 17200 and 17500. Summary adjudication of counts 5 and 9 is not proper.

> D.    Statutory Damages and Attorneys' Fees under Count 7 (Copyright Infringement)

In its seventh cause of action, Plaintiff alleges that it had copyrights in certain written works, including Mad Rock product descriptions, Mad Rock product photographs and graphics, and Mad Rock product catalogues. (Compl. ¶ 116.) Plaintiff seeks, among other relief, statutory damages (pursuant to 17 U.S.C. § 504(c)) and attorneys' fees (pursuant to 17 U.S.C. § 505) for Defendants' infringement of these copyrights. (*Id.* ¶¶ 115-30.) Defendants argue that summary judgment is appropriate on the claims for statutory damages and attorneys' fees because Plaintiff never registered its copyrights. (Mot. 12-13; Def.'s Undisputed Fact No. 2.)

Registering one's copyrights is a prerequisite to recovery of statutory damages or attorneys fees. "[N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for – (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412; *see also Oddo v. Ries*, 743 F.2d 630, 634 (9th Cir. 1984) (holding that plaintiff could not recover statutory damages or attorneys' fees where the copyrights were not registered). Plaintiff concedes that it did not register copyrights in the material Defendants allegedly infringed. (Opp'n 15-16; Piontkowski Decl., Ex. 2 at 171.) Accordingly, Plaintiff cannot prevail on its claim for statutory damages under 17 U.S.C. § 504(c) or attorneys' fees under 17 U.S.C. § 505 and summary

**CASE NO.:** <u>CV 10-06977 SJO (JEMx)</u>     **DATE:** <u>August 25, 2011</u>

judgment is proper.[2]  Plaintiffs may still attempt to recover the actual damages and profits under section 504(b).

III.    <u>RULING</u>

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.  A genuine issue of material fact exists as to whether Plaintiff took reasonable efforts to maintain the secrecy of its trade secrets.  Plaintiff is permitted to prove its eighth cause of action (misappropriation of trade secrets) at trial.  Plaintiff has standing to sue as a competitor under California Business & Professions Code sections 17200, *et seq.,* and 17500, *et seq.* and it may attempt to prove its fifth and ninth causes of action at trial.  Plaintiff's claims for statutory damages under 17 U.S.C. § 504(c) and attorneys' fees under 17 U.S.C. § 505 fail as a matter of law, as Plaintiff did not register any copyrights.

IT IS SO ORDERED.

                                                                                        Vpc

---

[2]  Plaintiff argues it is entitled to statutory damages and attorneys' fees because it has met the "extra elements" test of 17 U.S.C. § 301(b)(3).  (Opp'n16.)  Plaintiff's argument completely misses the mark.  Section 301(b)(3) provides that the federal copyright laws do not preempt state law claims with respect to "activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106."  17 U.S.C. § 301(b)(3).  Defendants do not argue that Plaintiff's state law copyright causes of action are preempted - in fact, Plaintiff has not even stated a state law cause of action for copyright infringement.  Section 301(b) is completely inapplicable to Defendants' argument regarding the requirement that Plaintiff register its copyrights before recovering attorneys' fees or statutory damages.